| UNITED STATES DISTRICT COURT | FILED |
| --- | --- |
| EASTERN DISTRICT OF NEW YORK | CLERK |

------------------------------------------------------------X

11/3/2015 3:20 pm

MARIE ALEXANDRE CLERVEAUX,

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

        Plaintiff,

**ORDER**

  -against-

15-CV-5016 (SJF)(GRB)

HUNTINGTON COACH,

        Defendant.

------------------------------------------------------------X

FEUERSTEIN, J.

      On August 18, 2015, *pro se* plaintiff, Marie Alexandre Clerveaux ("Clerveaux" or "Plaintiff") commenced this employment discrimination action against her employer, Huntingon Coach ("Huntington Coach" or "Defendant") pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Plaintiff's application to proceed *in forma pauperis* is granted. However, the complaint is dismissed *sua sponte* with leave to file an amended complaint **within thirty (30) days** from the date that the notice of entry of this Order is served upon Plaintiff. If Plaintiff does not timely file an amended complaint, the action will be dismissed *sua sponte* with prejudice.

**I.    Background**

    *A.    Factual Background*

      Clerveaux has alleged claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117 ("ADA"), against her employer, Huntington Coach. [DE 1, Compl., at 1]. Although unclear from the complaint, it appears that Plaintiff is employed as a bus driver for the Huntington Coach bus company.

      In support of her racial discrimination claim pursuant to Title VII, Plaintiff identifies as a "Haiti[an] black" woman and states that she used to start work at 7:00 a.m. every day. *Id.* at 3-

4. She alleges that at some point, her supervisor, "Mr. Gerard," changed her starting work time to 6:15 a.m., which caused a problem with her personal schedule, although "for white person he understand with [their] problem."[1] *Id.* at 4, 6. Another Huntington Coach employee named "Nicky" later indicated Plaintiff could start her job at 7:00 a.m. again. *Id.* at 8.

In support of her ADA disability claim, Plaintiff asserts that she had a "minor strock [sic] on the bus company. Stay week home. They denied my disability payments." *Id.* at 3. Elsewhere she states that as a result of her stroke, she stayed home for "at least one month. I applied for disabilities. They denied it after a year." *Id.* at 7. Plaintiff has not identified any other disability.

Plaintiff also separately claims that Mr. Gerard has consistently refused to provide her with vacation pay and/or holiday pay, although "every single worker in the company received one week or 2 weeks vacation paid, even people who came after me- but me whats wrong." *Id.* at 4, 5, 8. It is unclear if Plaintiff's vacation or holiday pay allegation is related to her discrimination claims.

### B.     *Procedural Background*

On July 27, 2015, Plaintiff obtained a Right to Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC"). [DE 1, Compl, at 10]. The letter stated that the EEOC "has adopted the findings of the state or local fair employment practices agency that investigated this charge," and that Plaintiff may file a lawsuit within ninety (90) days of her receipt of the EEOC letter. *Id.* On August 18, 2015, Plaintiff timely filed her employment discrimination action in this Court along with an application to proceed *in forma pauperis*.

---

[1] Excerpts from Plaintiff's complaint are reproduced here exactly as they appear in the complaint. Errors in spelling, grammar, and punctuation have not been noted or corrected.

## II. Discussion

### A. *Standard of Review*

Under the *in forma pauperis* statute, a district court shall dismiss an action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is axiomatic that district courts must read *pro se* complaints liberally, *see Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013), and construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, __ U.S. ___, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations omitted). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1937).

3

### B. *Plaintiff's Claims Are Not Well-Pleaded*

Title VII provides that it shall be an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. §§ 2000e-2(a)(1) and (2). The ADA prohibits an employer from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Here, Plaintiff has not pleaded sufficient facts to support either her Title VII or ADA discrimination claim. The complaint offers only "naked assertion[s] devoid of further factual enhancement." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The complaint consists of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient to state any legal claim. As a result, all of Plaintiff's claims are dismissed *sua sponte* without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, unless Plaintiff files an amended complaint that states clearly the nature of her claims. *See Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

### III. Conclusion

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is dismissed *sua sponte*. Plaintiff is granted leave to amend her

complaint to be filed **within thirty (30) days** from the date that the notice of entry of this Order is served upon her, or else the action will be dismissed *sua sponte* with prejudice.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon plaintiff as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED**.

                                              s/ Sandra J. Feuerstein
                                              Sandra J. Feuerstein
                                              United States District Judge

Dated: November 3, 2015
       Central Islip, New York